Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Agustin Serrano Ruiz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Agustin Serrano Ruiz**, an individual,<br><br>    Plaintiff,<br><br>        v.<br><br>**CMRE Financial Services, Inc.**, a corporation,<br><br>    Defendant. | Case No.  **'15CV2064 DMS JMA**<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

## Introduction

1.  Agustin Serrano Ruiz ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CMRE Financial Services, Inc. ("Defendant"), and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt, causing Plaintiff damages.

2.  For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

Complaint—1

**Jurisdiction and Venue**

3.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C § 1367 for pendent state law claims.

4.  This action arises out of Defendants' violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5.  Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that the Defendants transact business in this District and the acts giving rise to this action occurred in this District.

**Parties**

6.  Plaintiff is a natural person who resides in the County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8.  Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency and a California corporation operating from an address of 3075 E. Imperial Hwy., #200, Brea, California 92821, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.  Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages

in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

**Factual Allegations**

1. On or around June 4, 2014, Plaintiff incurred a financial obligation to Paradise Valley Hospital that was money, property, or the equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and was therefore "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

2. These financial obligations were primarily for personal, family or household purposes, more specifically, medical services, and are therefore "debt(s)" as that term is defined by 15 U.S.C § 1692a(5).

3. Plaintiff was unable to make payments on the debt and fell behind due to complications with his health.

4. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind on payments on the alleged debt for the medical services, the alleged debts were assigned, placed, or otherwise transferred to Defendant for collection.

5. On or around the following dates, 2/1/15, 3/5/15, 3/19/15, 4/5/15, 4/12/15, 5/26/15, Defendant, called Plaintiff on his home telephone and left identical automated and/or prerecorded voicemail messages. Each of those voicemail messages falls within the term "communication" as it is defined by 15 U.S.C § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

6. The voicemail message is transcribed below in its entirety.

> "Agustin Serrano if you are not this person please hang up now or disconnect. If you are Agustin Serrano please continue to listen to this message there will now be a

Complaint—3

slight pause. By continuing to listen to this message you verify that you are Agustin Serrano. We are calling on behalf of Paradise Valley Hospital regarding an important business matter, please call us at 1 800 760-1382 Monday through Friday from 8:00 a.m. to 5:30 p.m. Pacific Standard Time. When calling please refer to reference number 32121890. This is a communication from a debt collector and an attempt to collect a debt any information obtained will be used for that purpose."

7. 15 U.S.C. § 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity. Similarly, Cal. Civ. Code § 1788.11(b) prohibits the placing of telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents.

8. In the voicemail message, Defendant fails to identify the name of the agency he represents and his own name and/or alias, therefore leaving no meaningful disclosure of the caller's identity. Accordingly, Defendant's conduct violates 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(b).

9. 15 U.S.C § 1692e(14) prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. Here, Defendant used Paradise Valley Hospital's name in collecting a debt, a wholly separate business from that of Defendant's. The use of the hospital's name and failure to disclose Defendant's true name was false, deceptive, and misleading, and therefore violates 15 U.S.C § 1692e(14).

10. In violating 15 U.S.C. §§ 1692d(6) and 1692e(14), Defendant's conduct also violates Cal. Civ. Code § 1788.17.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 U.S.C § 1692 et seq.**

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

13. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1);  statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

14. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

15. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

16. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code §§ 1788.30(a) and 1788.17;  statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code §§ 1788.30(b) and 1788.17; and reasonable attorney's fees and costs pursuant to Cal. Civ. Code §§ 1788.30(c) and 1788.17 from Defendant.

# Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

## Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.
7. an award of actual damages, statutory damages of $1,000.00, and costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.17, from Defendant.

///
///
///

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   September 16, 2015.         Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff